UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

KRISTI C. COOPER, et al.,

                Plaintiffs,

      v.

ST. PAUL SURPLUS INSURANCE CO.,

                Defendant.

No. CV 05-785-MO

OPINION AND ORDER

**MOSMAN, J.,**

This is an insurance dispute concerning the extent of coverage under an insurance binder for a loss that occurred before the formal insurance policy was issued. Because I find that a two-year statute of limitations applies to the binder, I grant Defendant St. Paul Surplus Insurance Company's ("St. Paul") motion for summary judgment (#23), and I deny Plaintiffs Kristi and Melvin Cooper and The Onyx Club Inc.'s (collectively "Coopers") motion for partial summary judgment (#28).

## Background

The relevant facts are undisputed. In 2000, Kristi and Melvin Cooper leased a commercial building in downtown Portland, Oregon so they could operate an underage dance club through their corporation, The Onyx Club, Inc. The Coopers purchased insurance for the dance club from St. Paul effective June 7, 2001, and they received a binder confirming coverage dated that same day. The binder specified that the terms and conditions of the insurance would be "Per Insurance Company Form including but not limited to . . . General Policy Forms:

Introduction; General Rules; What To Do If You Have a Loss . . ." In total, the binder referenced 22 specific forms, as well as a 30-day cancellation provision.

The Coopers did not receive their formal insurance policy until early December. However, in November, they discovered mold and rotten wood in the dance club, and on November 27, they notified their insurance agent of the damage and made a claim of loss under their contract with St. Paul. Over a year later, in February 2003, St. Paul accepted part of the Cooper's claim but denied the remainder stating some of the claimed damage was pre-existing and some was excluded under the terms of the policy. The Coopers filed this suit for breach of contract in June 2005.

Presently before the court are the parties' cross motions for summary judgment. St. Paul argues it is entitled to judgment as a matter of law on the basis that (1) the Coopers failed to file their suit within the two-year statute of limitations, and (2) the exclusions it relied on in denying part of the Coopers' claim were incorporated into the initial insurance binder. On the other hand, the Coopers move for partial summary judgment on the issue of breach arguing the binder terms trump the policy terms, and therefore the exclusions St. Paul relied on do not apply in this case. The Coopers also argue a six-year statute of limitations applies.

**Discussion**

Summary judgment is only appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, in order to preclude a grant of summary judgment, the non-movant must set forth "'specific facts showing there is a genuine issue for trial.'"

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quoting Fed. R. Civ. P. 56(e)).

A binder is a temporary insurance contract in effect until the insurer issues its formal policy or rejects the application for insurance. Or. Rev. Stat. § 742.043(1); *Baylor v. Continental Cas. Co.*, 78 P.3d 108, 112 (Or. Ct. App. 2003). During the time the binder is in effect, its terms control the parties' contract. Oregon's binder statutes provides: "Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable indorsements as are designated in the binder, except as superseded by the clear and express terms of the binder." Or. Rev. Stat. § 742.043(1). The Oregon Court of Appeals, in construing this statute, has explained that where an exclusion is not referenced in the binder, but only appears in the formal policy, the exclusion does not apply to loss occurring before the formal policy is issued. *Gifford v. W. Aviation Ins. Grp.*, 713 P.2d 1085, 1088 (Or. Ct. App. 1986); *see also Baylor*, 78 P.3d at 112-13 (discussing *Gifford*). On the other hand, a policy provision or form that is specifically referenced in the binder is applicable under the binder. *Avemco Ins. Co. v. Hill*, 708 P.2d 640, 642-43 (Or. Ct. App. 1985) (en banc) (holding provision that was "expressly incorporated" in the binder applies whereas a separate provision that was neither "designated" in the binder nor included "by clear and express terms in the binder" was not applicable).

In this case, St. Paul argues the two-year statute of limitations included in the formal policy controls. Thus, the question is whether this provision was properly included in the binder such that it is applicable to the Coopers' loss occurring before the policy was issued. As stated

above, the binder in this case specified that the terms and conditions of the parties' contract would be governed by the "Insurance Company Form," and it listed several specific forms. One of those forms was the "General Rules" form, which includes a provision stating that where the insurer's policy includes property insurance, "[a]ny lawsuit to recover on a property claim must begin within 2 years after the date on which the direct physical loss or damage occurred." This provision is part of the "usual terms of the policy as to which the binder was given." Or. Rev. Stat. § 742.043(1). The form was specifically referenced in the binder, and as the Coopers' policy shows, the limitations period provision is a standard "General Rules" term. *See* Johnson Aff., Ex. B.

The Coopers argue this limitations provision does not apply because it was not included in the binder. Without any authority, their position appears to be that for a policy term to apply to the binder, it must be specifically defined, not merely incorporated by reference. *See* Pl. Reply in Supp. M. for Partial Summ. J. at 3. As the above discussion illustrates, this is incorrect. Oregon's binder statute anticipates that binders will be governed by the usual policy terms unless those terms are "superseded by the clear and express terms of the binder." Or. Rev. Stat. 742.043(1). A binder is a temporary contract only in place until the insurer issues a formal policy. *Brock v. State Farm Mutual Automobile Ins. Co.*, 98 P.3d 759, 765-66 (Or. Ct. App. 2004). As such, it is "sketchy and informal in comparison with the policy contemplated." 1A Lee R. Russ & Thomas F. Segalla, *Couch on Insurance* § 13:1 (3d ed. 2005). Thus, to hold that every applicable provision must be specifically defined denies the nature of the binder and is contrary to Oregon law.

The Coopers also appear to argue the two-year limitations period does not apply because

it is not a "usual" policy term.  They contend that under Oregon law a two-year limitations period is only mandated for fire insurance, and thus, because this case does not involve fire insurance, such a provision is not mandated here.  Or. Rev. Stat. § 742.240.  The Coopers then take this reasoning one step further arguing that because the limitations period is not mandated, it is also not "usual" in this context.  Pl. Reply in Supp. M. for Partial Summ. J. at 2.  Aside from the fact that it is unclear whether Oregon's fire insurance statute applies here,[1] this reasoning is flawed.

Simply because a provision is not mandated by law does not mean it is unusual such that it is not incorporated into the binder under Or. Rev. Stat. § 742.043(1).  In *Avemco*, the Oregon Court of Appeals specifically held provisions incorporated into the binder by reference are applicable under the statute.  Likewise, the court held that a provision that is not incorporated by reference may also apply where it is "on file" with the Commissioner of Insurance.  *Avemco*, 708 P.2d at 642-43.  Both conclusions illustrate that statutory mandate is not determinative of whether a provision will be incorporated into the binder.  Additionally, the court's decision illustrates that a provision does not necessarily have to be "usual" in the industry to be incorporated into the binder.  Thus, here, where the binder specifically stated that the "General Rules" would be part of the terms and conditions of the parties' contract, this provision was sufficiently incorporated into the binder such that it applies in this case.

Applying a two-year statute of limitations to this case, it is clear the Coopers' complaint, filed four and a half years after the property damage was discovered, is untimely.  Indeed, even if

---

[1] As this court has previously noted, even though the express language of the statute applies to fire insurance policies, Oregon courts apply this provision "generally to property insurance policies even though fire did not cause the damage at issue." *Legin Restaurant, Inc. v. Truck Ins. Exchange*, No. 03-1332-MO, 2004 WL 726904, at *3 n.1 (D. Or. 2004) (listing cases).

I were to apply the limitations period from the time St. Paul partially denied the Coopers' claim, as has been suggested, I would arrive at the same result. Thus, without deciding which is the proper benchmark, I find the result would be the same under either, and I GRANT St. Paul's motion for summary judgment (#23) and DENY the Coopers' motion for partial summary judgment (#28).

IT IS SO ORDERED.

DATED this 6th day of February, 2006.

                                        /s/ Michael W. Mosman
                                        MICHAEL W. MOSMAN
                                        United States District Court